UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAI GARRETT GRIFFIN and<br>AMY TURNER GRIFFIN,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC. and COVIDIEN LP,<br><br>    Defendants. | Case No. 3:18-cv-00069<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM AND ORDER

Plaintiffs Kai Griffin and Amy Griffin have filed a motion to strike Defendants Medtronic, Inc., and Covidien LP's eleventh, twelfth, thirteenth, fifteenth, and sixteenth affirmative defenses in this products liability action. (Doc. No. 32.) Defendants responded in opposition (Doc. No. 34), the Griffins filed a reply (Doc. No. 39), and Defendants filed a sur-reply (Doc. No. 42). For the following reasons, the motion to strike is DENIED as to Medtronic's eleventh, twelfth, and thirteenth affirmative defenses and FOUND MOOT as to its fifteenth and sixteenth affirmative defenses, which Medtronic has withdrawn.

### I. Factual and Procedural Background[1]

On December 20, 2016, Dr. James G. McDowell performed a laparoscopic gastric bypass procedure on Plaintiff Kai Garett Griffin that did not go as planned. (Doc. No. 1-1, PageID# 11, ¶ 11.) During the procedure, McDowell used a surgical implement identified as the "ST Series EEA OrVil 25mm device" (the OrVil Device), which is a tube inserted into a patient's nose or mouth

---

[1] This statement of facts is taken from the Griffins' complaint. (Doc. No. 1-1.)

and run into the stomach. (*Id.* at PageID# 10–11, ¶¶ 8, 12, 13.) A coupling piece connects a disc-shaped object, called the "anvil," to the rest of the tube. (*Id.* at PageID# 11, ¶ 12.) During surgery, McDowell removed the anvil. (*Id.* at PageID# 11, ¶ 13.) The coupling piece then detached from the tube and was lost inside Griffin's body. (*Id.*) Although McDowell realized what had happened, he could not retrieve the coupling piece and completed the surgery without removing it. (*Id*. at PageID# 11, ¶¶ 15, 16.)

Post-surgery, McDowell informed Griffin that the coupling piece had been lost inside his body. (*Id.* at PageID# 12, ¶¶ 17–20.) McDowell warned Griffin that a second surgery might be necessary to locate and remove it, and that McDowell was working with Defendants Medtronic Inc. and Covidien LP (collectively, Medtronic) as the designers, manufacturers, and distributors of the OrVil Device to determine if the piece could be located non-invasively. (*Id.* at PageID# 12, ¶¶ 19, 20.) Later, stricken with right scapular and generalized abdominal pain, Griffin went to the emergency room; an abdominal CT scan located the coupling piece in his peritoneal cavity. (*Id.* at PageID# 11–12, ¶¶ 13, 21, 22.) McDowell performed laparoscopic surgery to remove it. (*Id.* at PageID# 12–13, ¶ 25.)

The Griffins filed this lawsuit in the Davidson County (Tennessee) Circuit Court on December 18, 2017, against Medtronic Inc., Covidien LP, and their parent companies, Medtronic plc and Covidien plc.[2] (*Id*. at PageID# 10, ¶¶ 5, 6.) Invoking diversity jurisdiction, the defendants removed the lawsuit to this Court. (Doc. No. 1.) The Griffins allege that the coupling piece should not have detached from the OrVil Device and bring claims of defective design or manufacture, failure to warn consumers and users about the risks of the product, negligence, and breach of the implied warranties of merchantability and fitness for a particular purpose under the Tennessee

---

[2] The parent companies have been voluntarily dismissed from this action. (Doc. No. 23.)

Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101, *et seq.* (Doc. No. 1-1, PageID# 13–16.) The Griffins seek $350,000.00 in compensatory damages for pain and suffering, medical expenses, loss of earnings, and loss of consortium. (*Id.* at PageID# 16, ¶¶ 52, 53.)

Medtronic filed a motion to dismiss arguing that the Griffins' complaint did not adequately specify the nature of the alleged defect in the OrVil Device or rule out user error as the cause of the coupling piece's detaching. (Doc. No. 5, PageID# 37.) After the Court denied that motion (Doc. No. 30), Medtronic answered the complaint (Doc. No. 31). The Griffins now move to strike the following affirmative defenses from Medtronic's answer:

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have been damaged, which Medtronic denies, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which Medtronic is not legally responsible.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiffs suffered any damages or injuries, which Medtronic denies, such damages were caused by the unforeseeable acts, wrongs, or omissions by intervening or superseding actions of third parties for which Medtronic is not responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have been damaged, which Medtronic denies, the actions of persons and/or entities for whose conduct Medtronic is not legally responsible, and the independent knowledge of those persons or entities of the risks inherent in the use of the product and other independent causes, constitute an intervening and superseding cause of the damages alleged in Plaintiffs' Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have been damaged, which Medtronic denies, the negligence or fault of persons or entities, for whose conduct Medtronic is not legally responsible, must be compared, reducing or completely barring Plaintiffs' alleged right to recover against Medtronic.

**SIXTEENTH AFFIRMATIVE DEFENSE**

>In the event that it is determined that Plaintiffs are entitled to recover against Medtronic, recovery should be reduced in proportion to the degree or percentage of negligence, fault, or exposure to products attributable to Plaintiffs, any other defendants, third-parties or other persons, including any party immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant, or non-parties with whom Plaintiffs have settled or may settle in the future.

(Doc. No. 31, PageID# 145–46.)

The Griffins argue that, under Tennessee law, these affirmative defenses are insufficiently pleaded because they do not identify any comparative tortfeasors or describe the conduct of a nonparty that would constitute an intervening or superseding cause. (Doc. No. 33, PageID# 162.) The Griffins argue that the ambiguous pleading of these defenses jeopardizes their ability to amend the complaint to add claims against nonparties under Tennessee Code Annotated § 20-1-119, which gives plaintiffs a ninety-day grace period to add otherwise time-barred claims against a person whom a defendant identifies in an answer as having caused or contributed to plaintiff's injuries. Tenn. Code Ann. § 20-1-119(a). The Griffins also argue that, to the extent the affirmative defenses seek to assert the comparative fault of a health care provider, Medtronic has failed to file the certificate of good faith required by Tennessee Code Annotated § 29-26-122(b). (*Id.* at PageID# 165 n.8.)

In response, Medtronic has withdrawn affirmative defenses fifteen and sixteen. It argues that the Griffins' arguments regarding §§ 20-1-119 and 29-26-122(b) are moot because those statutes apply only to the comparative fault defenses it has now disclaimed. (Doc. No. 34, PageID# 180.) Medtronic also argues that Tennessee Rule of Civil Procedure 8.03 does not apply in this diversity action and that it has pleaded the remaining affirmative defenses with enough detail to satisfy Federal Rule of Civil Procedure 8. (Doc. No. 34, PageID# 183.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the Court, upon a party's timely motion or *sua sponte*, "may strike from a pleading an insufficient defense[.]" Fed. R. Civ. P. 12(f). "A motion to strike should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)); *see also Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1047 (W.D. Tenn. 2011) (finding a defense insufficient if, "as a matter of law, [it] cannot succeed under any circumstances). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d at 1050 (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)). That is "because of the practical difficulty of deciding cases without a factual record . . . ," *Brown & Williamson Tobacco Corp.*, 783 F.3d at 822, and because of the potentially "dilatory character" of a motion to strike. *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381, at 672–78 (3d ed. 1990)). "[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Id*.

## III. Analysis

Medtronic has withdrawn its fifteenth and sixteenth affirmative defenses addressing comparative fault, and the portion of the Griffins' motion addressing those defenses is now moot. *See Mawdsley v. Kirkland's, Inc.*, No. 3-13-0462, 2013 WL 5754947, at *2 (M.D. Tenn. Oct. 23,

2013). The Court therefore addresses the motion to strike only as to Medtronic's eleventh, twelfth, and thirteenth affirmative defenses, which assert superseding causation.

To prove negligence or strict liability under the Tennessee Products Liability Act, the Griffins must show that their injuries would not have occurred absent Medtronic's conduct in designing or manufacturing the OrVil Device. *Tatham v. Bridgestone Ams. Holding, Inc.*, 473 S.W.3d 734, 749–51 (Tenn. 2015). If this factual causation is established, the Court may consider proximate causation, or whether, as a matter of policy and fairness, Medtronic should be held liable for any injuries it has caused. *Id.* at 751 (quoting *Snyder v. LTG Lufttechnische GmbH*, 955 S.W.2d 252, 256 n.6 (Tenn. 1997)); *George v. Alexander*, 931 S.W.2d 517, 521 n.1 (Tenn. 1996) (noting that proximate causation is "often hopelessly confused" with factual causation) (quoting Prosser and Keeton on Torts, § 42, 36 (5th Ed. 1984)). Superseding or intervening causation is treated as a subset of proximate causation and addresses whether unforeseeable events or another's actions contributed to a plaintiff's injuries. *Borne v. Celadon Trucking Servs., Inc.*, 532 S.W.3d 274, 299 n.12 (Tenn. 2017); *see also Godbee v. Dimick*, 213 S.W.3d 865, 884–85 (Tenn. Ct. App. 2006) (explaining that the doctrine of intervening causation "'reflects traditional notions of proximate causation and the need to limit potentially limitless liability arising from mere cause in fact'") (quoting *Torres v. El Paso Elec. Co.*, 987 P.2d 386, 392 (N.M. 1999), *overruled on other grounds by Herrera v. Quality Pontiac*, 73 P.3d 181 (N.M. 2003)).

Medtronic states in its sur-reply that it "intends to present evidence at trial that Dr. McDowell's abnormal use of the [OrVil Device] was the superseding cause of [the Griffins'] injury," although that use did not amount to a breach of the standard of care or negligence. (Doc. No. 42, PageID# 260.) The Griffins respond that, under Tennessee Rule of Civil Procedure 8.03, Medtronic must clearly identify in its answer any person alleged to be a superseding cause of their

6

injuries. (Doc. No. 33, PageID# 162–63, 169; Doc. No. 39, PageID# 236–37.) They argue that, because Medtronic's affirmative defenses do not name or describe Dr. McDowell, they do not meet that standard.

Tennessee's Rule 8.03 requires a defendant "to set forth affirmatively facts in short and plain terms relied upon to constitute . . . comparative fault (including the identity or description of any other alleged tortfeasors)." Tenn. R. Civ. P. 8.03. The Tennessee Supreme Court has interpreted this rule to apply to theories of superseding or intervening causation as well as comparative fault. *See George v. Alexander*, 931 S.W.2d 517 (Tenn. 1996) (holding that "any defendant wishing to transfer blame to another person at trial could *always* maintain that it is not trying to show that the other's conduct satisfies the legal definition of negligence, but that it is merely trying to establish that the other person's conduct actually caused the injury" and that this would "fully accomplish[] what Rule 8.03 was intended to prevent"). Rule 8.03's standard would therefore apply to Medtronic's affirmative defenses under Tennessee law. *See Debakker v. Hanger Prosthetics & Orthotics E., Inc.*, No. 3:08-CV-11, 2009 WL 3241739, at *3 (E.D. Tenn. Sept. 30, 2009) (finding that, under Tennessee law, "a defendant can and should plead the affirmative defense of intervening and superseding cause if he intends to raise it at trial," and that, to do so adequately, the defendant must "identify the party whose actions give rise to the alleged intervening and superseding cause"); *Elosiebo v. State*, No. E2003-02941-COA-R3CV, 2004 WL 2709206, at *5 (Tenn. Ct. App. Nov. 29, 2004) (applying Rule 8.03 to the affirmative defenses of comparative fault and intervening cause).

Metronic argues, however, that it is Federal Rule of Civil Procedure 8, not Tennessee Rule 8.03, that should define its pleading burden. (Doc. No. 34, PageID# 183.) Federal Rule 8 provides only that a party responding to a pleading must "state in short and plain terms its defenses to each

claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8(c) elaborates that a defendant must "affirmatively state any avoidance or affirmative defense" in an answer. Fed. R. Civ. P. 8(c). The rule does not require defendants to identify or describe other alleged tortfeasors to raise a comparative fault defense. Medtronic argues that, because the federal pleading standard applies, it is not required "to specifically identify any nonparty who may be an intervening/superseding actor." (Doc. No. 34, PageID# 183.) The Griffins respond that the Tennessee pleading standard constitutes substantive law that must apply in this diversity action. (Doc. No. 39, PageID# 239.) The Griffins base this argument on the interaction between Rule 8.03 and § 20-1-119's ninety-day clock to add claims against a new party, which begins when "a defendant's answer gives a plaintiff notice of the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." (*Id.* at PageID# 163–64 (quoting *Austin v. State*, 222 S.W.3d 354, 358 (Tenn. 2008)).)

Medtronic has the better argument as to the pleading standard. *See Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 851 (6th Cir. 2006) (explaining that the Federal Rules of Civil Procedure control pleading in diversity cases); *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 901 (6th Cir. 2002) (noting that, while state law determines the nature of affirmative defenses, federal procedural law governs "the manner and time" in which those defenses are asserted); *Pidcock v. Schwab*, 569 B.R. 463, 480 (N.D. Ohio 2017) (noting that, although the Sixth Circuit has not definitively resolved the question, the current trend within it is that "an affirmative defense may be pleaded in general terms and is sufficient 'as long as it gives plaintiff fair notice of the nature of the defense'") (quoting *Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir. 2006)); *Dodd v. McDaniel*, No. 3:16-CV-2608, 2017 WL 2536910, at *2 (M.D. Tenn. June 12, 2017) (finding that a lack of information identifying or describing potentially

culpable third parties in defendants' answer did not violate Rule 8); *Hamby v. Res-Care, Inc.*, No. 3:16-0893, 2016 WL 8738443, at *2 (M.D. Tenn. Nov. 4, 2016) (explaining that "Rule 8(c)(1) . . . does not require 'the identity or description of any other alleged tortfeasors' that Tenn. Civ. P. 8.03 requires") (quoting Tenn. R. Civ. P. 8.03). *But see Burgess v. Codman & Shurtless, Inc.*, No. 2:14-CV-00371, 2016 WL 9175471, at *5 (E.D. Tenn. Sept. 1, 2016) (applying Tennessee Rule 8.03); *Welch v. FFE Transp. Servs., Inc.*, No. 3:13-CV-336-TAV-CCS, 2015 WL 3795917, at *4 (E.D. Tenn. June 18, 2015) (same); *Estate of Robles ex rel. Montiel v. Vanderbilt Univ.*, No. 3:11-CV-00399, 2011 WL 5521172, at *6 (M.D. Tenn. Nov. 14, 2011) (same) (citing *Free v. Carnesale*, 110 F.3d 1227, 1231 (6th Cir. 1997)). The Court will therefore apply Rule 8 in evaluating Medtronic's pleading. However, the Court finds that the targeted affirmative defenses, read in the context of Medtronic's full answer, are sufficient to satisfy even Rule 8.03's more stringent standard.

The subject affirmative defenses do not, themselves, describe or identify any superseding actors—the twelfth defense references the "superseding actions of third parties" and the thirteenth defense mentions the "independent knowledge of those persons or entities of the risks inherent in the use of the [OrVil Device]." (Doc. No. 31, PageID# 145.) Yet the Court need not analyze those defenses in a vacuum and, instead, may look to the answer as a whole to determine the adequacy of Medtronic's pleading. *Austin*, 222 S.W.3d at 357–59. When the affirmative defenses are read in the context of the full answer, the Griffins' claim that they "have no idea to whose conduct [Medtronic] refer[s]" in those defenses is unconvincing. (Doc. No. 33, PageID# 164.) The Griffins ask rhetorically if Medtronic "intend[s] to allege that the new, single-use surgical instrument broke because of how it was handled by a health care provider during the surgery?" (*Id.*) That question is answered by Medtronic's pleading. Medtronic explicitly alleges that the Griffins' damages were

9

caused by an unforeseeable and abnormal use of the OrVil Device. (Doc. No. 31, PageID# 147.) The only user Medtronic identifies is the Griffins' "treating physician," who chose "to use" the OrVil Device with "full knowledge of any foreseeable risk." (*Id*.) Finally, in alleging that the OrVil Device was abnormally used, Medtronic incorporates by reference the "alterations, changes and/or modifications of the product described in [the Griffins'] Complaint" (Doc. No. 31, PageID# 147), which are Dr. McDowell's separation of the anvil and the tube (Doc. No. 1-1, PageID# 11). When Medtronic's answer is read in its entirety, the nature of Medtronic's superseding causation defenses becomes clear, and the nonparty at issue—Dr. McDowell—has been described sufficiently to satisfy both Rule 8.03 and Rule 8.

Medtronic's answer is also pleaded with enough specificity to start § 20-1-119's ninety-day clock with respect to any claims the Griffins might bring against Dr. McDowell.[3] That clock is triggered "whenever a defendant's answer gives a plaintiff notice of the nonparty's identity and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Austin*, 222 S.W.3d at 355. Medtronic's reference to Griffin's "treating physician" and incorporation of the Griffins' allegations in their complaint is sufficient to meet that standard. *See Sandidge*, 2016 WL 8155359, at *1 (finding that defendant's answer, which referenced specific errors "of the physician, nursing staff, employees, independent contractors,

---

[3] Medtronic argues that § 20-1-119 does not apply to its answer because that statute only applies to comparative fault affirmative defenses, which Medtronic withdrew. (Doc. No. 34, PageID# 180.) Although the plain language of the statute indicates that it can only be triggered "[i]n civil actions where comparative fault is or becomes an issue," Tenn. Code Ann. § 201-119(a) (emphasis added), the Tennessee Supreme Court has made it clear that a defendant need not "allege the fault of the nonparty explicitly or use the words 'comparative fault'" because, "consistent with the liberal pleading standards of the Tennessee Rules of Civil Procedure, the determination of whether comparative fault is an issue cannot turn on the presence or absence of such precise language." *Austin*, 222 S.W.3d at 358. Instead, the statute applies whenever an answer provides notice of a nonparty's identity and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury. *Id.* at 355.

and/or those having privileges to practice at Saint Thomas Midtown Hospital," including unforeseeable use of the surgical plates that caused plaintiff's injury, triggered the ninety-day clock); *Swearengen v. DMC-Memphis, Inc.*, 488 S.W.3d 774, 775–76 (Tenn. Ct. App. 2015) (holding that hospital defendant's answer started the ninety-day clock by alleging that "the physicians treating [the Appellant] were not [its] employees" and therefore it could not be liable) (alteration in original); *Romine v. Fernandez*, 124 S.W.3d 599, 604 (Tenn. Ct. App. 2003) (concluding that doctor defendant's answer alleging that plaintiff "was administered Toradol by the Methodist Hospital staff, but not at [his] order" was sufficient to trigger § 20-1-119).

The remaining issue is whether Medtronic's failure to file a certificate of good faith under § 29-26-122(b) defeats its superseding causation affirmative defenses. When a defendant, in its answer, alleges that a nonparty health care provider "is at fault for the injuries . . . of the plaintiff," § 29-26-122(b) requires each defendant or defendant's counsel to file a certificate stating that, after consultation with a qualifying expert, there is a good faith basis to allege such fault consistent with Tennessee Code Annotated § 29-26-115. Tenn. Code Ann. § 29-26-112(b)(1)–(2). Under § 29-26-115, a health care provider is at fault when (1) the provider failed to act with the care required by the recognized standard of acceptable professional practice in the provider's community and (2) the plaintiff's injuries were the "proximate result" of that failure. *Id.* § 29-26-115(a). A defendant's failure to provide a certificate of good faith in compliance with § 29-26-122(b) subjects any allegations of a nonparty's fault to striking upon the plaintiff's motion. *Id.* § 29-26-122(c).

Medtronic's superseding causation affirmative defenses do not allege that a health care provider is "at fault" for the Griffins' injuries within the meaning of § 29-26-115. *Id.* § 29-26-122(b). Medtronic argues that Dr. McDowell was the superseding cause of the Griffins' injuries but disclaims that he breached the standard of care or was otherwise negligent, a strategy that

11

Medtronic states it plans to pursue at trial. *See Godbee*, 213 S.W.3d at 883–84 ("A superseding cause is not limited to negligent acts of third parties"). The Griffins' suggestion, unsupported by authority, that § 29-26-122(b) should apply to Medtronic's superseding causation defenses in their current form is not persuasive. (Doc. No. 39, PageID# 236.) As the pleadings now stand, and as Medtronic has further articulated its position, the certificate is not required.

## IV. Conclusion

For the foregoing reasons, the Griffins' motion to strike (Doc. No. 32) is DENIED as to Medtronic's eleventh, twelfth, and thirteenth affirmative defenses and FOUND MOOT as to its withdrawn fifteenth and sixteenth affirmative defenses.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge