UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAI GARRETT GRIFFIN and AMY TURNER GRIFFIN,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC. and COVIDIEN LP,<br><br>Defendants. | Case No. 3:18-cv-00069<br><br>Judge Richardson<br>Magistrate Judge Newbern |

## **MEMORANDUM AND ORDER**

Defendants Medtronic, Inc. and Covidien LP (collectively, Medtronic) have filed a motion to amend their answer (Doc. No. 35) and a motion to extend the deadline to file a motion to amend or to add parties (Doc. No. 47). Plaintiffs Kai Griffin and Amy Griffin (the Griffins) responded in opposition to the former motion but not the latter. (Doc. No. 37.) For the reasons below, Medtronic's motions are GRANTED. The Clerk is DIRECTED to file Medtronic's proposed first amended answer (Doc. No. 35-1) as a separate docket entry. Any additional motions to amend or to add parties shall be filed by January 28, 2019.

### I.     Background

The Court's recent memorandum and order on the Griffins' motion to strike certain affirmative defenses from Medtronic's answer provides a detailed summary of the background of this lawsuit. (Doc. No. 49.) In short, this is a products liability action in which the Griffins allege that Medtronic is liable under Tennessee law to the Griffins for the damage caused by a piece of a Medtronic-designed surgical implement (the OrVil Device) that broke off inside of Kai Griffin's body during a laparoscopic gastric bypass procedure. (Doc. No. 1-1, PageID# 11–17.) Medtronic's

position is that Dr. McDowell, the surgeon who performed that procedure, used the OrVil Device in an abnormal and unforeseeable way, and that, therefore, Medtronic cannot be held liable for the Griffins' damages. (Doc. No. 42, PageID# 260; Doc. No. 47, PageID# 281–82, ¶¶ 3, 4.) Medtronic does not allege McDowell breached the standard of care or was otherwise negligent. (Doc. No. 42, PageID# 260.)

In its original answer, Medtronic asserted various affirmative defenses, including the following:

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have been damaged, which Medtronic denies, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which Medtronic is not legally responsible.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiffs suffered any damages or injuries, which Medtronic denies, such damages were caused by the unforeseeable acts, wrongs, or omissions by intervening or superseding actions of third parties for which Medtronic is not responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have been damaged, which Medtronic denies, the actions of persons and/or entities for whose conduct Medtronic is not legally responsible, and the independent knowledge of those persons or entities of the risks inherent in the use of the product and other independent causes, constitute an intervening and superseding cause of the damages alleged in Plaintiffs' Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have been damaged, which Medtronic denies, the negligence or fault of persons or entities, for whose conduct Medtronic is not legally responsible, must be compared, reducing or completely barring Plaintiffs' alleged right to recover against Medtronic.

**SIXTEENTH AFFIRMATIVE DEFENSE**

> In the event that it is determined that Plaintiffs are entitled to recover against Medtronic, recovery should be reduced in proportion to the degree or percentage of negligence, fault, or exposure to products attributable to Plaintiffs, any other defendants, third-parties or other persons, including any party immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant, or non-parties with whom Plaintiffs have settled or may settle in the future.

(Doc. No. 31, PageID# 145–46.)

In their motion to strike those affirmative defenses, the Griffins argued that the defenses impermissibly shifted blame to unidentified nonparties and thereby jeopardized the Griffins' ability to add claims against those nonparties under Tennessee Code Annotated § 20-1-119(a). Tenn. Code Ann. § 20-1-119(a); (Doc. No. 33, PageID# 162–65). That statute provides a plaintiff with ninety days to add otherwise time-barred claims against a nonparty who has, according to a defendant's answer, caused or contributed to the plaintiff's injury. Tenn. Code Ann. § 20-1-119(a). The Griffins also argued that the defenses should be stricken because Medtronic failed to file the certificate of good faith that is required by Tennessee Code Annotated § 29-26-122(b) when an answer alleges that a medical provider is at fault for a plaintiff's injuries and expert testimony is needed to prove such fault. Tenn. Code Ann. § 29-26-122(b); (Doc. No. 33, PageID# 165).

In its response in opposition to the Griffins' motion to strike, Medtronic agreed to withdraw its fifteenth and sixteenth affirmative defenses (Doc. No. 34, PageID# 180) and filed a motion to amend its answer to reflect that change (Doc. No. 35, PageID# 187, ¶ 3).[1] The Griffins oppose

---

[1] Medtronic's proposed amended answer also makes some changes that the parties do not discuss in their briefing on Medtronic's motion to amend. The proposed answer adds to paragraph 41 of the original answer that the "allegations set forth in paragraph 41 of Plaintiffs' Complaint call for a legal conclusion and no response is required." (Doc. No. 1-1, PageID# 14, ¶ 41; Doc. No. 31, PageID# 142, ¶ 41;Doc. No. 35-1, PageID# 196, ¶ 41.) It also deletes the denial, present in the original answer, that the Griffins might be entitled to some general relief that they did not specify in their prayer for relief. (Doc. No. 1-1, PageID# 16–17; Doc. No. 31, PageID# 143, ¶¶

Medtronic's motion to amend, arguing that, even though Medtronic removed the "comparative fault defenses," the remaining intervening and superseding causation defenses in Medtronic's proposed amended answer still suffer from the deficiencies that the Griffins referenced in their motion to strike—namely, they fail to adequately identify the relevant intervening or superseding cause, and, to the extent that cause is a medical provider, are unaccompanied by the required certificate of good faith. (Doc. No. 37, PageID# 223–24.) The Griffins also argue that, if Medtronic's original answer were held to have started the 90-day period during which the Griffins might amend their complaint to add claims against a nonparty, allowing Medtronic to file an amended answer that implicates any nonparty would prejudice the Griffins. (*Id.* at PageID# 223–24.) That is because, as the Griffins argued more fully in their motion to strike, they believe that Medtronic's original answer did not provide them with enough information about the identity of

---

54–58; Doc. No. Doc. No. 35-1, PageID# 198, ¶¶ 54–58.) Finally, the proposed answer makes additional changes to Medtronic's affirmative defenses. It deletes the thirty-second and thirty-third affirmative defenses (Doc. No. 31, PageID# 149; Doc. No. 35-1, PageID# 204) and adds the following:

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

If Plaintiffs recovers [sic] from Medtronic, which liability is specifically denied, Medtronic is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiffs' alleged damages and/or who may have released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Should Medtronic be held liable to Plaintiffs, which liability is specifically denied, Medtronic would be entitled to a set-off for the total of all amounts paid to Plaintiffs from all collateral sources.

(Doc. No. 35-1, PageID# 204.)

any relevant nonparty to permit them to add claims against that nonparty under Tennessee Code Annotated § 20-1-119(a). (Doc. No. 33, PageID# 168 n.11; Doc. No. 37, PageID# 223.)

## II. Medtronic's Motion to Amend its Answer

The Court's memorandum and order on the Griffins' motion to strike addresses the arguments that the Griffins have raised in opposition to Medtronic's motion to amend. The Court found that Medtronic did not need to identify nonparties in its answer in order to comply with Federal Rule of Civil Procedure 8, and that, even if Tennessee's more stringent pleading burden applied, Medtronic's answer, when read as a whole, was enough to identify McDowell as the nonparty at issue. (Doc. No. 49, PageID# 296–97.) The Court also found that Medtronic's answer was sufficient to start § 20-1-119(a)'s ninety-day clock with respect to any claims that the Griffins might assert against McDowell, finding that the answer's reference to Kai Griffin's "treating physician" and his abnormal use of the OrVil Device should have alerted the Griffins that McDowell might have caused or contributed to their injuries. (*Id.* at PageID# 298–99 (quoting (Doc. No. 31, PageID# 147)).) Finally, the Court found that Medtronic's superseding causation affirmative defenses did not allege that McDowell was "at fault" within the meaning of Tennessee Code Annotated § 29-26-115, and therefore Medtronic did not need to file a certificate of good faith to support those defenses. Tenn. Code. Ann. § 29-26-115; (Doc. No. 49, PageID# 299–300).

The Griffins' arguments in opposition to Medtronic's motion to amend have already been addressed and dismissed, and the Court discerns no independent reason why that motion should not be granted. Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

5

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Marquette Gen. Hosp. v. Excalibur Med. Imaging, LLC*, 528 F. App'x 446, 448 (6th Cir. 2013). Medtronic did not delay in filing its motion to amend—the motion was filed on July 5, 2018, which was well before the September 14, 2018 deadline to amend in place at the time. (Doc. No. 28, PageID# 123; Doc. No. 35.) Nor is it apparent how the amended answer would prejudice the Griffins, given the Court's finding that Medtronic's original answer opened the 90-day window under Tennessee Code Annotated § 20-1-119(a) for the Griffins to amend their complaint to add any claims against McDowell.[2] Medtronic's motion to amend its answer is therefore granted.

---

[2] The Griffins argue that they are unable to amend their complaint to bring claims against "a nonparty health care provider until and unless [Medtronic] file[s] a certificate of good faith." (Doc. No. 33, PageID# 165); *see also* (Doc. No. 37, PageID# 223). The Griffins do not cite any authority to support that position, and existing authority suggests the opposite. *See Banks v. Elks Club Pride of Tennessee 1102*, 301 S.W.3d 214, 226 n.14 (Tenn. 2010) (explaining that, while Tennessee Code Annotated § 29–26–122(b) "requires defendants who assert a comparative fault affirmative defense against a physician or other healthcare provider that will require the introduction of expert testimony in accordance with Tenn.Code Ann. § 29–26–115 (Supp.2009) to file a certificate of good faith within thirty days after filing their answer[,] [t]here is no similar statutory obligation imposed on plaintiffs who amend their complaint pursuant to Tenn. Code Ann. § 20–1–119 after the original defendant has asserted a comparative fault defense involving a nonparty physician or other healthcare provider"); *Peatross v. Graceland Nursing Ctr., LLC*, No. W201501412COAR3CV, 2016 WL 5210863, at *4 (Tenn. Ct. App. Sept. 20, 2016) (cabining the just-quoted holding in *Banks* to find that, where the nursing-center defendants alleged comparative fault with respect to a hospital, but did not file a certificate of good faith in support of that allegation, the plaintiff could not bring a claim against the hospital under § 20-1-119 without filing a certificate of good faith). The fact that the Griffins "have no expert to opine that any health care provider is at fault" goes to the merits of the claim they might assert against McDowell, and not to whether the law would allow them to assert such a claim in the absence of a certificate of good faith from Medtronic. (Doc. No. 37, PageID# 223.)

**III.     Medtronic's Motion to Amend the Scheduling Order**

Medtronic has also moved to extend the current October 14, 2018 deadline to file a motion to amend or to add parties, to thirty days from the time that the Court rules on the Griffins' motion to strike, explaining that the Court's ruling on that motion will inform whether Medtronic will seek to add McDowell as a defendant. (Doc. No. 47, PageID# 282, ¶¶ 4, 5.)  That explanation amounts to good cause under Rule 16(b)(4) to modify the scheduling order, especially in the absence of any argument from the Griffins to the contrary. Fed. R. Civ. P. 16(b)(4); M.D. Tenn. R. 7.01(a)(3) (response) (explaining that, when a timely response to a motion is not filed, "the motion shall be deemed to be unopposed").

More than thirty days have passed since the Court resolved the motion to strike and Medtronic has not moved to add any additional parties. The Court therefore suspects that this motion is moot. However, recognizing that Medtronic may have abstained from filing because its motion was pending, the Court will extend the deadline to amend or add parties to January 28, 2019.

**IV.     Conclusion**

For the foregoing reasons Medtronic's motion to amend its answer (Doc. No. 35) and motion to amend the scheduling order (Doc. No. 47) are GRANTED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge